The Full Commission has reviewed the prior Opinion and Award based on the record of the proceedings before Deputy Commissioner William C. Bost and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award, except for the following modifications: awarding plaintiff payment of medical expenses, changes to the award of attorney's fees to plaintiff's counsel and the addition of a Conclusion of Law regarding permanent partial disability compensation. Accordingly, the Deputy Commissioner's Opinion and Award is Modified and Affirmed.
All objections raised during the depositions of the physicians are ruled upon in accordance with the law and the Opinion and Award rendered in this matter.
* * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to the N.C. Workers' Compensation Act.
2. An employee-employer relationship existed between plaintiff and defendant at the times in question.
3. The carrier liable on the risk is correctly named above.
4. The employee's average weekly wage is $376.74 per week.
5. Various medical records of treating physicians and other documents, including updated records from Dr. Croft and Dr. James Melton.
6. The issues to be determined are:
 a. Whether or not the employee suffered an injury by accident arising out of and in the course of his employment; and,
 b. Whether the employee voluntarily removed himself from the work place such as to disqualify him from temporary total disability benefits since the date of employment separation.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff worked for Defendant as a general maintenance man from May 1993 until 3 December 1993. His average weekly wage in that job was $376.74 per stipulation of the parties, yielding a compensation rate of $251.13.
2. The job of general maintenance man included electrical work, changing oil, cleaning machines, and various plumbing tasks.
3. On or about 23 November 1993, the plaintiff was involved in an altercation with a co-employee, wherein plaintiff was struck in the head with an aluminum bar approximately 1/4" inch thick and 16" long and weighing less than one pound.
4. Plaintiff first sought treatment from Dr. Rainer MacGuire on 23 November 1993.
5. Dr. MacGuire released plaintiff to return to work on 24 November 1993 with the following restrictions: lifting no more than 20 pounds, no climbing, occasional bending and squatting. At no time did plaintiff inform defendant of these restrictions. Plaintiff was to follow up with Dr. MacGuire after 72 hours; however, plaintiff never returned for a follow up treatment with Dr. MacGuire.
6. Plaintiff next sought treatment from Dr. James Croft on 24 November 1993. Dr. Croft did not remove plaintiff from work at this time. Thereafter, on 3 December 1993, plaintiff followed up with Dr. Croft who then referred plaintiff to Dr. Alfred Rhyne in Charlotte, North Carolina. It was on this date of 3 December 1993 that Dr. Croft restricted plaintiff to three work days per week with limited lifting of 25 pounds. Plaintiff did not present these restrictions to his supervisor.
7. Dr. Rhyne first saw plaintiff on 13 December 1993, when he indicated plaintiff could return to work on 14 December 1993 for six hours a day, five days a week.
8. Plaintiff also saw Dr. Anthony Wheeler for treatment of headaches. Dr. Wheeler is a doctor with Charlotte Orthopedic Specialist, as is Dr. Rhyne. Dr. Wheeler treated plaintiff on two occasions in February of 1994, two occasions in June of 1994, and last saw plaintiff on 1 September 1994.
9. At no point did a physician take plaintiff out of work, except for the aforementioned restrictions.
10. Dr. Wheeler rated plaintiff as having a 5% permanent partial disability to the back.
11. Plaintiff at all times relevant to this case, held a contractor's license.
12. Some time in the later part of October or early part of November 1993, plaintiff spoke with his supervisor, James Suttles, about reducing his work hours so that he could perform an electrician's job outside the company. The supervisor, Mr. Suttles, convinced plaintiff to stay on full-time with defendant, and in so doing obtained a raise for plaintiff.
13. On 3 December 1993, plaintiff approached the owner of defendant company about reducing his work load to accommodate his outside work as an electrical contractor. The company's owner reiterated the earlier communication from plaintiff's supervisor, which reaffirmed the company's position that plaintiff could work his customary schedule or turn in his keys. At that time, plaintiff elected to turn in his keys and resign his employment with defendant.
14. At no time did plaintiff supply his supervisor with a return to work status, medical notation, or light duty slip.
15. Dr. Wheeler found plaintiff's compliance with his instructions dismal as plaintiff often failed to follow the doctor's orders regarding medications and physical therapy.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff had a compensable injury on 23 November 1993, as a result of an altercation with a co-employee at work. This injury, however, resulted in no lost time for plaintiff prior to his resignation from the company on 3 December 1993. G.S. § 97-2 (6).
2. As the result of his 23 November 1993 injury by accident, plaintiff is entitled to permanent partial disability compensation at the rate of $251.13 per week for a total of fifteen (15) weeks for his five (5) percent permanent partial disability rating to the back. G.S. § 97-31 (23).
3. Plaintiff failed to notify defendant of any restrictions, light duty, or modified work requirements until after he resigned his employment. Since his resignation from the employment of defendant, plaintiff did not have any disability which reduced his earnings capacity, according to each of the treating physicians in the case. G.S. § 97-2 (9).
4. As the result of his 23 November 1993 injury by accident, plaintiff is entitled to have defendants pay for all reasonable medical expenses related thereto.
G.S. § 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission Modifies and Affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff shall recover from defendant compensation at a rate of $251.13 for a total of 15 weeks, which is based upon a 5% rating to the back. That amount having accrued, it shall be paid to plaintiff in a lump sum.
2. As plaintiff missed no time from work with defendant prior to his resignation of employment, no temporary total disability benefits are owed.
3. Defendants shall pay all reasonable medical expenses related to plaintiff's 23 November 1993 injury by accident.
4. An attorney's fee in the amount of 25% of the compensation awarded herein is hereby approved for plaintiff's counsel and shall be paid as follows: 25% of the lump sum due plaintiff shall be deducted and paid directly to plaintiff's counsel.
5. Defendant shall pay the costs.
 S/ _____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ _________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER